# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUWAI FARHA,<br><br>               Plaintiff,<br><br>   v.<br><br>B. SILVA, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:06-cv-00755-OWW-WMW PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**I.     Screening Requirement**

Plaintiff Mauwai Farha ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

### A.     Summary of Complaint

Plaintiff was incarcerated at the California State Prison in Corcoran, California ("Corcoran") at the time the events in his complaint took place.  Plaintiff's complaint alleges the use excessive force and denial of medical treatment constituting cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.  Plaintiff also alleges racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.  Plaintiff names B. Silva, V. Pierce, Swain, Banks, A. Wimbly, J. Williams, Riddle, and one John Doe as a defendant. Plaintiff seeks monetary damages.

Plaintiff's complaint alleges that on May 5, 2004 he was incarcerated in the Administrative Segregation Section at Corcoran.  Plaintiff alleges that he was mistreated by prison officials because he is Arab-American.  Plaintiff alleges that Defendants Swain, Banks and V. Pierce removed him from his cell, placed Plaintiff in a holding cage, and ordered Plaintiff to strip naked.  The three defendants laughed at and verbally ridiculed Plaintiff while he was naked.  Plaintiff alleges that Defendant Pierce ridiculed him by making a statement comparing Plaintiff to an Iraqi prisoner. Fifteen minutes later, Correctional Officer Scott (not named as a defendant) gave Plaintiff his boxers. Several minutes later, the three defendants returned, tightly handcuffed Plaintiff and returned him to his assigned cell with only his boxers on.

///

///

Plaintiff flooded his toilet to get the attention of Defendant Sgt. B. Silva. Plaintiff's requests to see the Medical Technical Assistant to look at his hands were refused. Defendants Silva, Swain, Banks and Pierce later searched Plaintiff's cell and confiscated various medications they found.

Later that night, Plaintiff made requests to Defendants Wimbly and Williams for medical attention because he felt suicidal. Plaintiff's requests were denied. Soon after, an unnamed Sergeant (Defendant Doe) approached Plaintiff and ordered him to cuff up. Plaintiff was escorted outside and was allegedly beaten by Defendants Wimbly, Williams, Riddle and the Sergeant (Doe).

**B.      Eighth Amendment Cruel and Unusual Punishment**

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious[;]' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.' . . . The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted); see also Wilson v. Seiter, 501 U.S. 294, 299-300 (1991) (discussing subjective requirement); Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Osolinkski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995); Anderson v. County of Kern, 45 F.3d 1310, 1312-13 (9th Cir. 1995).

**i.      Excessive Force**

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

///

Plaintiff's complaint alleges that Defendants escorted Plaintiff outside and beat him without any disciplinary justification. Therefore, Plaintiff's complaint alleges a cognizable claim against Wimbly, Williams, Riddle and John Doe (Sergeant) for use of excessive force in violation of the Eighth Amendment.

### ii. Strip Cell

Defendants' actions in demeaning Plaintiff by placing him naked in a holding cell is sufficiently serious to state a claim for an Eighth Amendment violation. Plaintiff's complaint alleges that defendants acted in this manner without penological justification. Plaintiff alleges that defendants actions were racially motivated and thus allege a sufficiently culpable state of mind. Therefore, Plaintiff's complaint states a cognizable claim against defendants Swain, Banks and V. Pierce for violation of the Eighth Amendment.

### iii. Denial of Medical Treatment

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. "Denial of medical attention to prisoners constitutes an [E]ighth [A]mendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoners." Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986) (citing Estelle, 429 U.S. at 106). "Prison officials show deliberate indifference to serious medical needs if prisoners are unable to make their medical problems known to medical staff." Id. (quoting Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982)). However, isolated occurrences of neglect do not amount to a constitutional violation. Id. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. (quoting Estelle, 429 U.S. at 106).

Plaintiff's complaint only alleges two isolated incidents in one day where defendants refused to allow Plaintiff to see medical staff to address injuries from being handcuffed and his suicidal tendencies. Further, Plaintiff's complaint does not allege that the injuries Plaintiff received to his hands from being handcuffed were sufficiently serious to implicate the Eighth Amendment. Plaintiff's complaint does not allege that defendants' refusals lead to further injury. Plaintiff fails to "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious

4

medical needs." Therefore, Plaintiff's complaint fails to state a cognizable claim for deliberate indifference to his medical needs in violation of the Eighth Amendment.

### C. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff can establish an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

Plaintiff's complaint alleges that defendants' actions were racially motivated - the physical and verbal abuse stemmed from Plaintiff's status as an Arab-American. Therefore, Plaintiff's complaint states a cognizable claim against Swain, Banks, V. Pierce, Wimbly, Williams, Riddle and the unnamed Sergeant (Doe) for violation of the Equal Protection Clause of the Fourteenth Amendment.

### D. Official Capacity Suits

Plaintiff seeks damages in this action and his complaint states that he is suing defendants in their official capacities. The Eleventh Amendment bars damages actions against state officials in their official capacity. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). For this reason, a damages claim against defendants in their official capacities is not cognizable and must be dismissed from the action.

The Eleventh Amendment does not bar suits seeking damages against state officials in their personal (individual) capacity. See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't of Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). "Personal-capacity suits seek to impose personal

liability upon a government official for actions [the official] takes under color of state law." See Kentucky v. Graham, 473 U.S. 159, 165 (1988). Where plaintiff is seeking damages against a state official, such as in the instant action, this "necessarily implies" a personal-capacity suit because an official-capacity suit would be barred. See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

### E. Claims Against Defendant B. Silva

Plaintiff's factual claims against Defendant B. Silva are that he flooded his toilet to get his attention, that Defendant Silva claimed that he did not know about what the other defendants did to Plaintiff, that Defendant Silva confiscated medications from Plaintiff's cell, and that Defendant Silva refused Plaintiff's requests to see medical staff. None of these factual allegations give rise to a constitutional violation. If Plaintiff wishes to state a cognizable claim against Defendant Silva in an amended complaint, Plaintiff is advised to allege additional facts specifically linking Defendant Silva's actions to a constitutional violation and allege the specific injuries that Defendant Silva's actions caused Plaintiff.

### III. Conclusion and Order

In summary, Plaintiff alleges a cognizable claim for relief for violations of the Eighth Amendment and Fourteenth Amendment against defendants Swain, Banks, V. Pierce, Wimbly, Williams, Riddle and John Doe (Sergeant). However, the complaint does not state any other cognizable claims. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff seven (7) summonses and seven (7) USM-285 forms for completion and return.

1 Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of
2 process.
3      If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but
4 must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or
5 other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted
6 as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative
7 level . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted).
8      Finally, Plaintiff is advised that an amended complaint supercedes the original complaint.
9 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
10 (9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior
11 or superceded pleading." Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged
12 in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d
13 at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth,
14 114 F.3d at 1474.
15      Based on the foregoing, it is HEREBY ORDERED that:
16      1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;
17      2.     Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
18           a.     File an amended complaint curing the deficiencies identified by the Court in
19              this order, or
20           b.     Notify the Court in writing that he does not wish to file an amended
21              complaint and wishes to proceed only against Defendants Swain, Banks, V.
22              Pierce, Wimbly, Williams, Riddle and John Doe (Sergeant) for violation of
23              the Eighth Amendment and Fourteenth Amendment; and
24      3.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to
25              obey a court order.
26 IT IS SO ORDERED.
27 **Dated:   January 12, 2009**                 /s/  **William M. Wunderlich**
                                                     UNITED STATES MAGISTRATE JUDGE
28