**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUWAI FARHA,<br><br>        Plaintiff,<br><br>   v.<br><br>B. SILVA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-cv-00755-OWW-WMW PC<br><br>ORDER FINDING SERVICE OF FIRST AMENDED COMPLAINT APPROPRIATE, AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS<br><br>(Doc. 35) |

      Plaintiff Mauwai Farha ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Kern Valley State Prison in Delano, California. However, the events in Plaintiff's complaint took place while he was incarcerated at California State Prison, Corcoran in Corcoran, California ("CSP-Corcoran"). Plaintiff is suing under section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names B. Silva, V. Pierce, Swain, Banks, Wimbly, Williams, Riddle, and John Doe as defendants. For the reasons set forth below, the court finds that Plaintiff's First Amended Complaint states cognizable claims against Defendants and service of the complaint is appropriate.

**I.    Screening Requirement**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Background

### A.     Procedural Background

The Original Complaint in this action was filed on February 6, 2006. (Doc. #1.) The Original Complaint was screened on January 13, 2009. (Doc. #22.) Plaintiff was ordered to either file an amended complaint or to notify the court of his willingness to proceed only on the claims found to be cognizable. On February 18, 2009, a Findings and Recommendation was issued recommending that the action be dismissed for Plaintiff's failure to obey the January 13 screening order in a timely fashion. (Doc. #23.) On February 20, Plaintiff filed a Motion for Extension of Time to file a response. (Doc. #24.) Plaintiff's motion was granted on February 26, 2009. (Doc. #25.) After additional extensions, (Doc. #26, 27, 28, 31, 32, 34,) Plaintiff filed his First Amended Complaint on April 23, 2009. (Doc. #35.) The court vacated its February 18 Findings and Recommendations recommending dismissal on May 1, 2009. (Doc. #38.) This action proceeds on Plaintiff's First Amended Complaint.

**B.     Factual Background**

On May 5, 2004, while Plaintiff was housed in the administrative segregation ("Ad-Seg") section of CSP-Corcoran, Plaintiff was removed from his cell by Defendants Swain, Banks and Pierce. Plaintiff was informed that Defendant Silva and lieutenant M. M. Miller wanted to speak with him. Plaintiff was placed in a holding cell and ordered to strip down. While Plaintiff was undressed, Defendants Swain and Banks were laughing at Plaintiff, refused to give any of his clothes back, and walked away. Soon after, Defendant Pierce walked by the holding cage and laughed at Plaintiff while commenting: "Ha ha you look like those Iraqis in that prison!" (Compl. 4.) Fifteen minutes later, correctional officer Scott came by and gave Plaintiff his boxers. Several minutes later, Plaintiff was handcuffed and placed back in his assigned cell. Plaintiff asked the escorting correctional officers to remove his handcuffs. The correctional officers stated "fuck you" and left.

Plaintiff was left in his cell with his boxers and a state lunch. Plaintiff alleges that he was in excruciating pain because his hands were swollen (presumably from the handcuffs) so Plaintiff stuffed his lunch in the toilet and caused a flood. When the water reached the sergeant's office, Defendant Silva came by. Plaintiff informed him that Defendants Swain and Banks left the handcuffs on him and walked away. Defendant Silva responded by saying that he did not know that they did that. Plaintiff informed Defendant Silva that he needed to see the Medical Technical Assistant ("MTA") because his hands were swollen. Defendant Silva told Plaintiff he would get Plaintiff medical attention and left.

Twenty minutes later, Defendants Silva, Swain, Banks, and Pierce came back and removed Plaintiff from his cell. Plaintiff's cell was then searched. When Plaintiff returned to his cell, he noticed that his asthma and blood pressure medication had been taken as well as his suicide blanket, mattress, t-shirts, and socks. Plaintiff informed Defendant Silva about his missing medication and that he needed his asthma medication to prevent asthma attacks. Defendant Silva told Plaintiff to "deal with it". Plaintiff asked to see the MTA or psych tech but was not seen by either.

Later in the evening, Defendants Wimbly and Williams were conducting count. Plaintiff informed them that he was suicidal. Defendants Wimbly and Williams ignored Plaintiff. Plaintiff

then became stressed and suffered from an asthma attack. Plaintiff covered up his cell window with toilet paper to get the attention of medical ward staff. Twenty minutes later, Defendant John Doe appeared and told Plaintiff to cuff up and that they were going to get him some help. Plaintiff was escorted outside then slammed against the concrete wall by Defendants Wimbly, Williams, and Riddle. Defendant John Doe began hitting Plaintiff on the right side of his face and kicking him in the rear. Then Defendant John Doe started choking Plaintiff while repeating "can you breath[e] now mother fucker". (Compl. 6.) After the beating, Plaintiff was taken back to his assigned cell.

On April 27, 2004, Plaintiff was placed in Ad-Seg without a CDC 114-D lock-up order. Defendant Pierce threatened Plaintiff by stating "you ever fuck with my program, I'll put your shit on the yard and on the street!" (Compl. 7.)

### III. Discussion

#### A. Eighth Amendment Claims

Plaintiff alleges that Defendants' conduct constituted cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he
///

4

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

### 1. **Placement in Strip Cell**

Plaintiff alleges that Defendants Swain, Banks and Pierce pulled Plaintiff from his cell, placed him in a holding cell, and ordered him to strip naked. Plaintiff alleges that this was done in order to ridicule and humiliate him. Plaintiff states a cognizable claim against Defendants Swain, Banks, and Pierce for violation of the Eighth Amendment.

### 2. **Use of Excessive Force**

Plaintiff alleges that Defendants Wimbly, Williams, Riddle, and John Doe attacked Plaintiff in violation of the Eighth Amendment. Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. Whitley, 475 U.S. at 321. Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response. Id. The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." Id. at 319. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

Plaintiff alleges that he was attacked by Defendants Wimbly, Williams, Riddle, and John Doe and that the attack not only lacked any legitimate penological purpose, but occurred while Plaintiff was suffering from an asthma attack. Plaintiff states a cognizable claim for use of excessive force in violation of the Eighth Amendment against Defendants Wimbly, Williams, Riddle, and John Doe.

5

### 3. Denial of Medical Care

Plaintiff alleges that Defendants Silva, Swain, Banks, and Pierce interfered with Plaintiff's medical treatment by confiscating his asthma and blood pressure medication and that Defendants Wimbly, Williams, Riddle and John Doe not only ignored Plaintiff's medical needs when he was suffering from an asthma attack, but also attacked Plaintiff when he was suffering from an asthma attack. "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (quoting Estelle, 429 U.S. at 104). Delay of medical treatment can amount to deliberate indifference. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); McGuckin, 974 F.2d at 1059; Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

Plaintiff alleges that Defendants Silva, Swain, Banks and Pierce interfered with Plaintiff's medical treatment by intentionally confiscating Plaintiff's medication. Plaintiff informed Defendant Silva of his need for his medications but was told to "deal with it". Plaintiff later suffered from an asthma attack. Plaintiff alleges that Defendants Wimbly, Williams, Riddle and John Doe were deliberately indifferent toward Plaintiff when he was suffering an asthma attack. Defendants Wimbly, Williams, Riddle and John Doe not only ignored Plaintiff's medical needs, but instead slammed him against a concrete wall, attacked him, and choked him. Plaintiff states a cognizable claim for an Eighth Amendment violation against Defendants Silva, Swain, Banks, Pierce, Wimbly, Williams, Riddle, and John Doe.

### B. Fourteenth Amendment Claim - Equal Protection

Plaintiff does not specifically allege that Defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment, but liberally construing Plaintiff's allegations of racially motivated discrimination, Plaintiff states a claim. The Equal Protection Clause requires that

persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff can establish an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005). "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

Plaintiff alleges that Defendants' actions were racially motivated (presumably Plaintiff is Arab-American given the facts of this case, though it is not specifically alleged in his First Amended Complaint). Plaintiff states a cognizable claim against Defendants Silva, Swain, Banks, Pierce, Wimbly, Williams, Riddle, and John Doe for violation of the Equal Protection Clause of the Fourteenth Amendment.

**IV.     Conclusion and Order**

The court has screened Plaintiff's complaint pursuant 28 U.S.C. § 1915A and found that it states cognizable claims against Defendants Silva, Swain, Banks, Pierce, Wimbly, Williams, Riddle, and John Doe for violations of the Cruel and Unusual Punishments Clause of the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008). Accordingly, it is HEREBY ORDERED that:

1. Service is appropriate for the following defendants:

    SILVA

    SWAIN

    BANKS

    PIERCE

    WIMBLY

    WILLIAMS

    RIDDLE

2. The Clerk of the Court shall send Plaintiff seven (7) USM-285 forms, seven (7) summonses, a Notice of Submission of Documents form, an instruction sheet and a copy of the First Amended Complaint filed April 23, 2009.

3. Within **thirty (30) days** from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

   a. Completed summons;

   b. One completed USM-285 form for each defendant listed above; and

   c. Eight (8) copies of the endorsed First Amended Complaint filed April 23, 2009.

4. Plaintiff need not attempt service on Defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. <u>The failure to comply with this order will result in a recommendation that this action be dismissed</u>.

IT IS SO ORDERED.

**Dated:**    **May 6, 2009**             /s/ **William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE