# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUWAI FARHA, | CASE NO. 1:06-cv-00755-OWW-SKO PC |
| Plaintiff, | ORDER DENYING REQUEST BY UNITED STATES MARSHAL FOR REIMBURSEMENT OF COSTS |
| v. | |
| B. SILVA, et al., | (Doc. 56) |
| Defendants. | and |
| | ORDER GRANTING MOTION |
| | (Doc. 60) |

This action is a civil rights lawsuit brought by a state prisoner pursuant to 42 U.S.C. § 1983. On February 22, 2010, the U.S. Marshal submitted a request seeking reimbursement from Defendant B. Silva for service fees. (Doc. #56.) Defendant has filed a motion seeking relief from paying the costs of service. (Doc. #60.)

On June 3, 2009, the Court issued an order directing the U.S. Marshal to serve a summons and a copy of Plaintiff's complaint on Defendant B. Silva and six (6) other named defendants. Defendant Silva did not execute a waiver service pursuant to Federal Rule of Civil Procedure 4(d). However, Silva made an appearance in this action by filing an answer to Plaintiff's complaint on November 9, 2009. (Doc. #51.) On February 22, 2010, a "process receipt and return" was filed with the Court indicating that Defendant Silva was personally served on February 4, 2010. (Doc. #58.) The U.S. Marshal seeks reimbursement of $158.40 in charges related to the service of process.

///

Federal Rule of Civil Procedure 4(d) imposes a duty on parties subject to service to avoid unnecessary expenses associated with service. Specifically, Rule 4(d)(2) provides:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Federal Rule of Civil Procedure 4(d)(2).

Defendant Silva requests that this Court find that good cause exists for excusing his failure to timely sign and return a waiver of service. Defendant attributes the failure to file a timely service waiver to confusion between Silva and the Office of the Attorney General, who is representing Silva. Defendant Silva also describes the failure to file a timely waiver of service as an "oversight." (Def. Silva's Req. for Relief from Paying Costs of Service; Decl. of Grant Lien in Supp. ¶ 7.)

Defendant Silva's attempt at demonstrating good cause is unpersuasive. However, the Court notes that the U.S. Marshal's service of process was rendered unnecessary when Defendant Silva made an appearance in this action by filing a responsive pleading on November 9, 2009. According to the process receipt and return, Silva was personally served on February 4, 2010, almost three months after Silva waived service by making an appearance in this action. The Court's June 3, 2009 order stated that "[i]n the event that defendants make an appearance in this action by filing an answer, dispositive motion, or other pleading, the U.S. Marshal Service need not personally serve those defendants." (Order Directing Service by the United States Marshal Service Without Prepayment of Costs 2:23-24.) Therefore, personal service was rendered unnecessary by Silva's appearance in this action and the request for reimbursement of costs will be denied.

Accordingly, it is HEREBY ORDERED that:

1. The U.S. Marshal's request for reimbursement of costs related to the service of process on Defendant Silva, filed on February 22, 2010, is DENIED;

2. Defendant Silva's motion seeking relief from paying the costs of service, filed on March 19, 2010, is GRANTED; and

///

3. The Clerk is directed to serve a copy of this order on the United States Marshal, Sacramento, California.

IT IS SO ORDERED.

Dated:   April 26, 2010                             /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE