# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUWAI FARHA, | CASE NO. 1:06-cv-00755-OWW-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | (Doc. #61) |
| B. SILVA, et al., | OBJECTIONS DUE WITHIN 30 DAYS |
| Defendants. | |

Plaintiff Mauwai Farha ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 1, 2010, Plaintiff filed a pleading entitled "Plaintiff's Request for Additional Information." (Doc. #61.)

While Plaintiff's pleading is titled as a request for additional information, it appears to be a notice to the Court regarding Plaintiff's inability to obtain any information regarding Defendant Swain. On October 26, 2009, the Court received an unexecuted summons addressed to Defendant Swain that indicated that the U.S. Marshal could not identify Defendant Swain because Plaintiff only provided his or her last name and multiple Swain's existed in the California Department of Corrections and Rehabilitation's database. (Doc. #50.) On February 23, 2010, Plaintiff was ordered by the Court to provide additional information regarding Defendant Swain, such as a first initial, or the post where Swain was assigned. (Doc. #57.) Plaintiff is unable to provide any additional identifying information for Defendant Swain.

///

///

1

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Plaintiff has not served Defendant Swain within the 120 day deadline set for the Rule 4(m). Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915 and is entitled to have process served by a U.S. Marshal. 28 U.S.C. § 1915(d), Federal Rule of Civil Procedure 4(c)(3). However, the inability to serve Defendant Swain stems from Plaintiff's failure to provide sufficient information to effect service. Therefore, the Court will recommend that Defendant Swain be dismissed. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (dismissal under Rule 4 appropriate where Plaintiff fails to provide U.S. Marshal with sufficient information to serve defendant), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

Plaintiff has informed the Court that he has no further information that would assist the U.S. Marshal in identifying and serving Defendant Swain. To the extent that Plaintiff's April 1, 2010 pleading can be construed as a motion requesting information from the Court regarding Defendant Swain's identity, the motion will be denied because the Court does not possess any information regarding Swain's identity. Accordingly, the Court HEREBY RECOMMENDS that:

1. Plaintiff's motion, filed on April 1, 2010, be DENIED; and
2. Defendant Swain be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for lack of service.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     April 28, 2010**                                         /s/ Sheila K. Oberto
                                                                                           UNITED STATES MAGISTRATE JUDGE