# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUWAI FARHA, | CASE NO. 1:06-cv-00755-OWW-SMS PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT JOHN DOE SHOULD NOT BE DISMISSED FROM ACTION |
| v. | |
| B. SILVA, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Mauwai Farha ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint, filed April 23, 2009, against Defendants B. Silva, V. Pierce, Banks, Wimbly, Williams, Riddle, and John Doe for violations of the Eighth Amendment.[1] On September 17, 2009, a discovery and scheduling order was issued setting the deadline to amend pleadings as March 17, 2010, and the discovery cut off date as May 17, 2010.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon

---

[1] On September 16, 2010, an order was issued dismissing Defendant Swain from the action pursuant to Federal Rule of Civil Procedure 4(m) for lack of service. (ECF No. 78.) Plaintiff has not filed an amended complaint identifying John Doe.

1

order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, in this action Plaintiff has failed to file an amended complaint to identify Defendant John Doe. Discovery has closed and the deadline to file amended pleadings is passed. Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant John Doe should not be dismissed from the action at this time.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendant John Doe should not be dismissed from this action, without prejudice, pursuant to Rule 4(m); and

2. The failure to respond to this order or the failure to show cause will result in Defendant John Doe being dismissed from this action, without prejudice.

IT IS SO ORDERED.

**Dated:   March 25, 2011**           /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE